**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

April 6, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-2581

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,* | Appeal from the United States<br>District Court for the Western<br>District of Wisconsin. |
| *v.* | No. 03 CR 40 |
| GREGORY J. PHILLIPS,<br>    *Defendant-Appellant.* | Barbara B. Crabb,<br>*Chief Judge.* |

**O R D E R**

Gregory Phillips appealed his sentence of 262 months' imprisonment for conspiracy to distribute 50 or more grams of crack, contending that the district court plainly erred under *United States v. Booker*, 543 U.S. 220 (2005). We ordered a limited remand to ask whether the district court would have imposed the same sentence under an advisory regime. *See United States v. Paladino*, 401 F.3d 471, 483-84 (7th Cir. 2005). The district court replied that it would.

In *Paladino*, we held that if a district court responds to a limited remand with a statement that it would reimpose the same sentence, "we will affirm the original sentence against a plain-error challenge provided that the sentence is reasonable." 401 F.3d at 484 (7th Cir. 2005). We have also explained that "any sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness." *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).

Phillips now argues that his sentence was unreasonable because, he says, the district court did not adequately address the sentencing factors specified in 18 U.S.C. § 3553(a). We disagree. As the government points out, the district court during the limited remand specifically addressed Phillips's assertion that his school and work record, as well as his "difficult childhood in the Chicago projects," favored a lower sentence. *See* 18 U.S.C. § 3553(a)(1). Ultimately, however, the court concluded that these factors were outweighed by the seriousness of his crime as well as the need to protect the community from his criminal activities and to avoid unwarranted sentencing disparities. *See id.* § 3553(a)(2)-(7). Furthermore, as Phillips concedes, his sentence is at the lowest end of the properly calculated guidelines range. Thus, because he has presented no convincing argument rebutting that presumption, we conclude that his sentence was not the result of plain error.

We therefore AFFIRM the judgment of the district court.